### KEPL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 30, 1924.)

No. 4224.

1. Criminal law ⟨⟩1169(2)—Admission of impeaching evidence held not prejudicial.

Admission of impeaching evidence *held* not prejudicial, where impeached witness simply testified to matter over which there was no controversy.

2. Conspiracy ⟨⟩43(12)—Government cannot charge conspiracy to commit one offense, and prove conspiracy to commit another one.

Government cannot charge conspiracy to commit one offense, and prove a conspiracy to commit a different offense.

3. Conspiracy ⟨⟩43(12)—Conspiracy to commit several offenses sustained by proof of conspiracy to commit any one.

A charge of conspiracy to commit several offenses against United States is sustained by proof of conspiracy to commit any one of such offenses.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Frank Kepl, having been convicted of conspiracy to violate the National Prohibition Act, brings error. Affirmed.

Munter & Munter and Powell & Herman, all of Spokane, Wash., for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charged a conspiracy to violate certain provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Kepl, one of the defendants, has sued out a writ of error to review a judgment of conviction.

[1] There are but two assignments of error. The first is based upon the ruling of the court admitting certain impeaching testimony, and the second challenges the sufficiency of the testimony to support the verdict. A half-brother of the plaintiff in error was called as a witness in his behalf. On direct examination the witness only testified that he was the owner of a certain automobile, giving the time and place of purchase, the purchase price, and the name of the seller. On cross-examination he was asked if at a certain time and place he had not

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stated to a certain prohibition agent that he did not know that the plaintiff in error was using the automobile on the occasion in question, but supposed that the garage had permitted him to use it, knowing that he was his brother. This question was answered in the negative. The prohibition agent was then called in rebuttal, and was permitted to testify, over objection, that the witness had in fact made the statement attributed to him. This ruling is now assigned as error, for the reason that the government was permitted to impeach the witness on a collateral matter. The situation presented by the record is an anomalous one, to say the least. The government had already stipulated that the witness was the owner of the automobile. In view of this admission, we cannot understand why the witness was called, or why he should be cross-examined; and, after stipulating that the testimony given by the witness was true, we are at a still greater loss to understand why the government should attempt to impeach him, or why the court should permit it. But, notwithstanding the anomaly of the situation, the ruling complained of was not prejudicial, because, if the testimony were stricken from the record entirely, it could not affect or change the result. The witness simply testified to a matter over which there was no controversy.

[2, 3] The indictment charged, among other things, a conspiracy to transport intoxicating liquor by aeroplane from some point in the northern portion of the Eastern district of Washington near the Canadian boundary, to the city of Spokane, and the plaintiff in error earnestly insists that there was no proof of any such conspiracy. Briefly stated, his contention is this: The government cannot charge one crime and prove another. It cannot charge the larceny of one kind of personal property and prove the larceny of another and different kind. It cannot charge a conspiracy to commit one offense, and prove a conspiracy to commit a different offense. This rule is elementary, but it has no application here. While the government is compelled to prove what it charges, it is not compelled to prove all that it charges. An indictment for the larceny of a number of articles of personal property is sustained by proof of the larceny of any one of such articles, and a conspiracy to commit several offenses against the United States is sustained by proof of a conspiracy to commit any one of such offenses. Here the indictment charged, not only a conspiracy to transport, but a conspiracy to possess, and the latter conspiracy at least is amply supported by the testimony.

For these reasons, there is no prejudicial error in the record, and the judgment is affirmed.