## McWHORTER v. UNITED STATES. *
### No. 6418.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1933.

*Rehearing denied March 8, 1933.

**830**

Oliver D. Street, of Birmingham, Ala., for appellant.

Arthur B. Chilton, U. S. Atty., and J. Osmond Middleton, Asst. U. S. Atty., both of Montgomery, Ala.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under an indictment which charged that he, Leon West, thirteen other named persons, and others to the grand jury unknown, conspired to violate the National Prohibition Act by unlawfully manufacturing, possessing, transporting, and selling intoxicating liquors, namely, whisky, for beverage purposes, and by unlawfully having in possession sugar and shorts designed for the unlawful manufacture of whisky intended for use in violation of that act. The rulings presented for review are refusals of the court to give requested instructions to the effect that, if the jury believed the evidence, they could not convict the appellant.

For the appellant it was contended that there was no evidence tending to prove that he was a participant in a conspiracy covered by the charge contained in the indictment— that at most the evidence against him showed only the commission by him of substantive offenses under the National Prohibition Act (27 USCA). We are of opinion that this contention is not sustainable. There was testimony to the following effect: James M. Shields, a federal prohibition agent, who, under the name Pete Kelly, posed as a buyer of whisky for the hotel trade, was introduced to the appellant by Leon West, one of the accused, who also was convicted. After the appellant and Shields had talked for some time about the former selling to the latter a considerable quantity of whisky, and after appellant had spoken of his putting out whisky with a local man to sell, Shields asked the appellant where he could get some whisky to drink, whereupon the appellant turned to West and said: "You know where to get it. Take him down there and get what he wants." Following that conversation, Shields and West went to the home of another one of the accused, Julius Morgan, who was a tenant of the appellant. Shields gave West a dollar, and West went into the house of Morgan and returned with a pint of whisky. This evidence tended to prove an agreement or understanding between the appellant and another accused to bring about an unlawful sale of whisky, and concerted action to that end. What that evidence tended to prove was a conspiracy covered by the charge contained in the indictment. A charge of conspiracy to commit several offenses against the United States is sustained by proof of a conspiracy to commit any one of those offenses. Kepl v. United States (C. C. A.) 299 F. 590. It was not essential to prove that all the accused were guilty of the conspiracy charged. It was sufficient to prove that two or more of them conspired as alleged, and that one of them did an act to effect the object of the conspiracy. Breese v. United States (C. C. A.) 203 F. 824; Myers v. United States (C. C. A.) 36 F.(2d) 859; 12 Corpus Juris, 643; 18 USCA § 88. Evidence having been adduced which tended to prove that the appellant and another accused conspired as alleged in the indictment, and that one of them did an act to effect the object of the conspiracy, the above-mentioned rulings were not erroneous.

The judgment is affirmed.