## PUTMAN et al. v. UNITED STATES.

### No. 11820.

Circuit Court of Appeals. Fifth Circuit.

July 18, 1947.

Roger F. Rice, of Birmingham, Ala., for appellants.

John D. Hill, U. S. Atty., and Robert C. Giles, Jr., Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

Appellants were convicted under an indictment charging them with conspiracy to violate the internal revenue laws pertaining to the manufacture, possession, and sale of distilled spirits.

The indictment was filed August 15, 1945. The indictment set out overt acts beginning in 1941. On appeal the appellants contend for the first time that the three year statute of limitations, 18 U.S.C.A. § 582, barred the prosecution. There is no merit in this contention. Where the object of a conspiracy is to evade the internal revenue laws pertaining to the manufacture, possession, and sale of distilled spirits, the limitation period applicable is six years, not three years. 26 U.S.C.A. Int.Rev.Code, § 3748; Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23.

After appeal was taken, certain original exhibits, including requested charges which were refused, were lost or misplaced and were not transmitted to this court. We delayed the submission of the case for a month in order that further

search might be made, but they were not found and appellants made no effort to supply their substance. It is clear from the record that appellants had the advantage of the exhibits on the trial. As to the missing requested charges, the trial judge has certified that all of them were refused because they were not timely submitted as required by Rule 30 of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687; all of them having been presented after government counsel had started his argument to the jury. Moreover, we have examined the charge of the court and found it to be full and fair.[1] Absence of the missing exhibits and requested charges in no way prejudices appellants' appeal.

■ A careful review of the record reveals evidence sufficient to support the verdict of conviction as to each of these appellants. We find no reversible error in the record, and the judgment is affirmed.

---

[1] No objection was made to the court's oral charge.