**UNITED STATES**

v.

**ALBANESE et al.**

United States District Court
S. D. New York.
April 7, 1954.

J. Edward Lumbard, U. S. Atty., New York City (Peter M. Brown, Asst. U. S. Atty., New York City, of counsel), for plaintiff.

Archibald Palmer, New York City, for defendants.

GODDARD, District Judge.

This is a motion by the defendants, Philip Albanese and Rosario Albanese,

(a) To dismiss Count 1 of indictment C 143–289 on the ground that it fails to charge offenses under Title 18 U.S.C.A. § 1001 and Title 26 U.S.C.A. § 371 [sic]

(b) To dismiss the said Count 1 on the ground that insofar as it charges a violation of Title 26 U.S.C.A. § 145(b), it is identical with the 4 counts charged in indictment C 142–126 outstanding against these defendants

(c) To dismiss said Count 1 on the ground that any violation of Title 18 U.S.C.A. § 371 is barred by the three year statute of limitations

(d) To dismiss Count 2 of indictment C 143–289 on the ground that it is identical with the crime charged against these defendants in Count 2 of indictment C 142–126.

The government has consented to dismiss Count II of C 142–126. Therefore, part (d) of this motion is denied.

Indictment C 143–289 in Count 1 charges these defendants with conspiring to "defraud the United States and commit offenses against the United States, to wit, to violate Title 26, Section 145(b), United States Code and Title 18, Section 1001, United States Code."

It is clear from reading this indictment, Count 1, that it charges the es-

sential elements of the offense charged and that it sufficiently informs the defendants of the charge against them. Particularity of time, place, circumstances, etc. in stating the manner and means of effecting the object of a conspiracy is not essential to an indictment. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. Part (a) of the motion is denied.

■ Indictment C 142–126 charges Philip Albanese in 4 counts with attempted evasion of his income taxes, in violation of Title 26 U.S.C.A. § 145(b), and charges Rosario Albanese in two of the counts with aiding and abetting. Count 1 of indictment C 143–289 charges Rosario and Philip Albanese with conspiring with each other, and with one, Rocco Guarino, a co-conspirator, to violate Title 26 U.S.C.A. § 145(b) and Title 18 U.S.C.A. § 1001. Defendants allege that Count 1 of C 143–289 is identical with the counts of C 142–126 and so Count 1 of C 143–289 should be dismissed.

In Pinkerton v. United States, 328 U.S. 640, at page 643, 66 S.Ct. 1180, at page 1182, 90 L.Ed. 1489, the court stated that "it has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." It is also true that the crime of conspiracy is a separate and distinct offense from aiding and abetting the commission of the substantive offense. Louie v. United States, 9 Cir., 218 F. 36. Aiding and abetting "makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy." Nye & Nissen v. United States, 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919.

Although the defendants rely on United States v. Zeuli, 2 Cir., 1943, 137 F.2d 845, as the court stated in United States v. Loew, 2 Cir., 1944, 145 F.2d 332, 333:

"The appellant misunderstands the doctrine to which we referred in United States v. Zeuli [2 Cir.], 137 F.2d 845. It is limited to cases in which the substantive crime involves the mutual co-operation of two or more persons and cannot be committed by a single individual. All of the substantive crimes, contemplated by the conspiracy charged in the indictment at bar could have been committed by one person."

There is no doubt but that Count 1 of indictment C 143–289 charges a conspiracy which is a distinct offense from the substantive crimes charged in C 142–126. cf. Colosacco v. United States, 10 Cir., 1952, 196 F.2d 165. Part (b) of the motion is denied.

The defendants allege that Count 1 of the indictment C 143–289 is barred by the three year statute of limitations provided in Title 18 U.S.C.A. § 3282.[1]

■ The last overt act alleged, is said to have occurred in March, 1950, and the indictment C 143–289 was handed down in March, 1954. In a charge of conspiracy, the statute of limitations begins to run from the date of the last overt act properly alleged. Brown v. Elliott, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136; Pinkerton v. United States, 5 Cir., 1944, 145 F.2d 252; United States v. Flynn, D.C., 103 F.Supp. 925. It is thus clear that if the three year statute applies this charge of conspiracy is barred. The government urges that Title 26 U.S.C.A. § 3748, which provides a six year limitation, governs.[2]

1. Title 18 U.S.C.A. § 3282 provides:
"*Except as otherwise expressly provided by law*, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within three years next after such of-

fense shall have been committed." (Emphasis added.)

2. Title 26 U.S.C.A. § 3748 provides:
"(a) Criminal prosecutions. No person shall be prosecuted, tried, or punished, for any of the various offenses *arising under the internal revenue laws of the United States* unless the indict-

In Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23, the defendants were charged with conspiracy to violate certain provisions of the internal revenue laws. The court held that a conspiracy charged under the general conspiracy statute, to evade the payment of federal taxes, was controlled by the six year limitation provided in Section 3748. Clearly, in the case at bar, insofar as Count 1 charges a conspiracy to violate Section 145(b) of the Internal Revenue Code, a six year limitation applies. cf. Putman v. United States, 5 Cir., 1947, 162 F.2d 903.

However, Count 1 charges a conspiracy to violate Section 145(b) and also to violate Title 18 U.S.C.A. § 1001. Section 1001 makes it a crime to wilfully falsify any statement in any matter within the jurisdiction of any agency of the United States. A violation of Section 1001 is generally governed by the three year statute of limitations. Marzani v. United States, 1948, 83 U.S. App.D.C. 78, 168 F.2d 133. Even where that false statement was in connection with a tax matter, it was said that a three year limitation governed Section 1001. United States v. Beacon Brass Co., D.C., 106 F.Supp. 510, reversed on other grounds 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61. The Supreme Court, in reversing on the ground that such a false statement was also a violation of Section 145(b) of the Internal Revenue Code, also recognized that a three year limitation applied to a violation of Section 1001.

Section 3748 is incorporated in the Internal Revenue Code and by its terms applies to "offenses arising under the internal revenue laws of the United States". It provides that a charge of conspiracy, under the general conspiracy statute, is governed by a six year limitation "where the object of the conspiracy is to attempt in any manner to evade or defeat any tax". But the violation of Section 1001 does not arise under the internal revenue laws, nor is the proof of an attempt to evade taxes any part of the proof required to establish a violation of Section 1001. cf. United States v. Beacon Brass Co., 344 U.S. 43, at page 45, 73 S.Ct. 77, 78, 97 L.Ed. 61. The court there recognized that they are distinct offenses, although the two may "overlap in a narrow area".

As the court stated in Bridges v. United States, 346 U.S. 209, at page 223, 73 S.Ct. 1055, at page 1063, 97 L. Ed. 1557:

"A charge of conspiracy to commit a certain substantive offense is not entitled to a longer statute of limitations than the charge of committing the offense itself."

I hold that Section 3748 of the Internal Revenue Code does not apply to a charge of conspiracy to violate Title 18 U.S.C. A. § 1001, even though its violation involves a tax matter. It is governed by the general three year statute of limitations and therefore the charge in the case at bar of conspiracy to violate Section 1001 is barred.

Were there two separate counts here it would be simple to dispose of the matter by dismissing the count charging conspiracy to violate Section 1001, while leaving the charge of conspiracy to vio-

ment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years * * *

"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner,

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and

"(3) * * *

"For offenses arising under section 37 of the Criminal Code, March 4, 1909, 35 Stat. 1096 (U.S.C., Title 18, § 88), where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years. * * *

"(b) Scope of limitations. * * *
"(c) Civil suits * * *." (Emphasis added.)

·late Section 145(b) outstanding, because, as to the latter, it is valid in every respect. The difficulty is that both are incorporated in the same count.

■ Ex Parte Bain, 121 U.S. 1, 7 S. Ct. 781, 30 L.Ed. 849, held that the court may not amend an indictment without resubmission to the grand jury, even where the trial court regarded the words deleted as surplusage. cf. United States v. Krepper, 3 Cir., 1946, 159 F.2d 958, certiorari denied 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275. But where an indictment charges a conspiracy to commit offenses against the United States, one of which is not an offense, the latter may be regarded as surplusage and ignored, and this is not a forbidden amendment of the indictment. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Bailey v. United States, 5 Cir., 1925, 5 F.2d 437. Mere surplusage or unnecessary allegations will not vitiate an indictment which contains sufficient matter to charge a crime. If the indictment can be supported without them, they will be regarded as surplusage. United States v. Drawdy, D. C., 288 F. 567.

Where an indictment charges several ·offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense, or one alleged method of committing it, does not constitute a forbidden amendment of the indictment. Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398; United States ·v. Krepper, supra; United States v. Segelman, D.C., 86 F.Supp. 114.

■ Since Count 1 of the indictment in every respect properly charges a conspiracy to violate Section 145(b), I am reluctant to dismiss the indictment and have it resubmitted to the grand jury to amend it merely by deleting the reference to Section 1001, as an object of the conspiracy. I do not believe that it is necessary to dismiss it. I interpret the above mentioned cases to permit the indictment to be tried as it stands, so long as the matter of the conspiracy to violate Section 1001 is not attempted to be proved as such, or submitted to the jury. The indictment clearly informs the defendants of the charge that they must meet, and I do not believe that this course of action will prejudice the defendants.

Motion denied, except as consented to. Settle order on notice.