229 F.2d 123
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Mitchell MAY, Jr., Alfred W. Parry, Jr., Wilbur E. Dow, Jr., individually and as members of Independent Stockholders Committee of Libby, McNeill & Libby, Defendants-Appellants, and
Libby, McNeill & Libby, a corporation, Defendant-Appellee.
 No. 222.
 Docket 23843.
 United States Court of Appeals Second Circuit.
 Argued December 20, 1955.
 Decided January 11, 1956.
 
 William H. Timbers, Gen. Counsel, Securities & Exchange Comm., Washington, D. C. (Bruce L. Carson, Asst. Gen. Counsel, Alexander Cohen, Sp. Counsel, Washington, D. C., and Ezra Weiss, Atty., New York City, Securities and Exchange Commission, on the brief), for plaintiff-appellee.
 Leo Brady, New York City (Gordon, Brady, Caffrey & Keller, New York City, on the brief), for defendants-appellants.
 Charles H. Tuttle, New York City (Breed, Abbott & Morgan, Thornton C. Land, Thomas W. Kelly, and Charles T. Hall, New York City, on the brief), for defendant-appellee.
 Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.
 CLARK, Chief Judge.
 
 
 1
 The Securities and Exchange Commission on August 16, 1955, obtained a preliminary injunction against defendant members of an "Independent Stockholders Committee of Libby, McNeill & Libby" — an anti-management stockholders group — (1) enjoining these defendants from soliciting voting proxies by means of false and misleading statements and without disclosing the names of all persons for whom solicitation was being made, (2) enjoining the exercise of powers conferred by any proxy already obtained, and (3) postponing until September 7, 1955, the annual stockholders' meeting of Libby, McNeill & Libby then scheduled for August 17. Circuit Judge Lumbard, who issued the injunction while sitting by designation as a district judge, sets forth in a thorough, but succinct, opinion the facts and reasoning which support his finding that these defendants have committed acts violative of SEC Rule X-14, 17 CFR § 240.14a, promulgated pursuant to 15 U.S.C. § 78n. D.C.S.D.N.Y., 134 F.Supp. 247. The defendants were unsuccessful in their attempts to secure a stay from a judge of this court and the circuit justice; and the meeting was held on September 7, with results favorable to the old management.
 
 
 2
 We accept the well-supported findings and conclusions of Judge Lumbard as reported in the opinion below. Appellants argue that § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and regulations adopted thereunder are unconstitutional as unauthorized delegations of legislative power and otherwise; but these contentions have no merit. American Power & Light Co. v. S. E. C., 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. Furthermore, the Commission's proxy rules as applied either to management or to insurgent stockholder groups are clearly authorized by the statute.
 
 
 3
 Appellants' fundamental complaint appears to be that stockholder disputes should be viewed in the eyes of the law just as are political contests, with each side free to hurl charges with comparative unrestraint, the assumption being that the opposing side is then at liberty to refute and thus effectively deflate the "campaign oratory" of its adversary. Such, however, was not the policy of Congress as enacted in the Securities Exchange Act. There Congress has clearly entrusted to the Commission the duty of protecting the investing public against misleading statements made in the course of a struggle for corporate control.
 
 
 4
 Affirmed.