**UNITED STATES of America**

v.

**Michael A. RUSSO et al.**

**Cr. No. 56–123.**

United States District Court
D. Massachusetts.

Sept. 20, 1957.

Motion to Suppress Evidence Denied
Oct. 11, 1957.

Anthony Julian, U. S. Atty., George
H. Lewald, Asst. U. S. Atty., Boston,
Mass., William S. Kenney, Philip T.

**252**

White, Lawrence P. McGauley, Justice Dept., Washington, D. C., for the United States.

John J. Abt, Mary A. Kaufman, New York City, for defendants Russo and Lipshires.

Alfred A. Albert, Boston, Mass., for defendant Timpson.

John J. O'Neill, Boston, Mass., for defendant Hood.

John R. Hally, Boston, Mass., for defendant Schirmer.

ALDRICH, District Judge.

In May, 1956, the grand jury returned a one-count indictment charging the defendants[1] with conspiracy to violate 18 U.S.C. § 2385, the Smith Act. Before the case was reached it became apparent that in view of the scope of the pending certiorari proceedings in Yates v. United States, 9 Cir., 225 F.2d 146, postponement would be advisable. The indictments in both cases are identical. Arguments on motions were likewise postponed. Various motions, more particularly described infra, have now been argued in the light of the Supreme Court's opinion, Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356. Shortly before the hearing on the motions the defendants filed a waiver of jury trial. The government, pursuant to Fed.Rules Crim.Proc. rule 23(a), 18 U.S.C.A., has consented thereto, and the court has approved. Accordingly, if material to any pending question, the case is to be tried without jury.

I will deal first with the motion to dismiss the indictment. The defendants argue that the indictment states too much, and not enough. The "too much" is that, as in Yates, one of the alleged aims of the conspiracy was to "organize" and the other was to "advocate," and as now held in Yates, prosecution for organization in the manner meant by the Act is barred by the statute of limita-

tions, 18 U.S.C. § 3282. The defendants argue that they should not be tried under an indictment which contains allegations of alleged criminal activity for which they cannot be convicted. The government replies that these allegations can be treated as surplusage. Indeed, at one point the government indicated it would move to strike these allegations altogether from the indictment. Met, however, by the defendants' reliance upon Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, it did not proceed with this suggestion, but stated, rather, that it would await the court's eventual "withdrawal" of this issue as a basis for conviction.

In Ex parte Bain, 121 U.S. 1, 7 S. Ct. 781, 783, 30 L.Ed. 849, the indictment charged a false statement made "with intent to deceive the comptroller of the currency and the agent appointed to examine the affairs of said association * * *." It subsequently appeared that it was only some agent, not the Comptroller of the Currency, who it was intended to deceive, and the court struck the words "the Comptroller of the Currency and" from the indictment. On this reduced indictment the defendant was tried and convicted. This was held to be error.

It has never been held that a defendant can be tried only upon the full indictment. One exception is that portions may be struck upon motion of the defendant. Crim. Rule 7(d). The extent of that principle need not be examined as it is not here involved.[2] A second exception is that "surplusage" may be disregarded, or withdrawn by the court, whether the defendant approves or not. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793.

The use of the word "surplusage," however, merely states the problem. There have been two approaches to its solution. That of Ex parte Bain is

---

1. Originally seven in number, now five, due to the death of one, and the voluntary dismissal by the government of another.

2. The defendants have moved that certain subsidiary matters allegedly relating to organization be stricken from the indictment, but they specifically insist that the primary allegations remain, and so cause the indictment to fall.

that since, under the Fifth Amendment, a defendant can be tried only upon an indictment of the grand jury, if any is eliminated how can it be told that the reduced [3] indictment would have been presented? In a sense this is a question impossible to answer affirmatively, no matter how slight the change. All that now appears to remain of Ex parte Bain is that even "surplusage" in an indictment may not be struck, United States v. Stepp, D.C.D.Colo., 144 F.Supp. 826, absent a motion by the defendant, or his consent, United States v. Krepper, 3 Cir., 159 F.2d 958, certiorari denied 330 U.S. 824, 67 S.Ct. 865, 91 L.Ed. 1275, semble. But surplusage may be disregarded, or withdrawn by the court from the jury's consideration. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793. Here the test is essentially the common law one of variance. Mathews v. United States, 8 Cir., 15 F.2d 139; cf. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. There is no variance, and an indictment for conspiracy will not fail, merely because all of the ramifications alleged are not established. Kepl v. United States, 9 Cir., 299 F. 590; Safarik v. United States, 8 Cir., 62 F.2d 892. The applicability of this to a prosecution for a conspiracy to commit two offenses, where one is barred by the statute of limitations, United States v. Albanese, D.C.S.D.N.Y., 123 F.Supp. 732, affirmed 2 Cir., 224 F.2d 879, certiorari denied 350 U.S. 845, 76 S.Ct. 87, 100 L.Ed. 753, or was not even an offense, Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Bailey v. United States, 5 Cir., 5 F.2d 437, certiorari dismissed 269 U.S. 551, 589, 46 S.Ct. 12, 70 L.Ed. 427, is routine. I will not hold that the fact that these defendants cannot be convicted for organizing vitiates this indictment.

■■ Next, defendants contend that the indictment is insufficient, in that it fails adequately to allege that they conspired to advocate overthrow of the government by acts, as distinguished from the mere advocacy of a principle or belief—the distinction held to be vital in Yates. The defendants' argument in this respect is elaborate, but I believe it reduces itself to saying either that advocacy of action is an additional element to mere advocacy, and that all elements must be separately alleged, or that advocacy of action is a special form of advocacy, and must be defined or specified. Actually defendants' argument seems to confound these two points. Either flies in the face of the Supreme Court's disposition of Yates, where the Court sent the defendants back for a new trial on an indictment identically worded. It is true that the indictment was not specifically attacked in Yates, but it also appears that the court scrutinized the record to the extent of anticipating which defendants might be, and which might not be, convicted on a new trial. This was a substantial undertaking. See 354 U.S. at page 327, 77 S.Ct. at page 1081. For me to hold the indictment in the respect now under consideration defective would be to find that the Supreme Court had been unable to see the forest for the trees. The natural hesitancy I feel to reach such a conclusion is augmented by the defendants' own statement of their position. "The indictment here ignores the distinction which Yates held essential * * * It is elementary that an indictment must allege every element of the offense * * * The indictment at bar violates both of the tests of a valid indictment laid down in United States v. Cruikshank, (92 U.S. 542) at [page] 558 [23 L.Ed. 588]." (Defendants' Memorandum pp. 9, 10 and 12). Cruikshank is a landmark case, and the "essential distinction" was the gravamen of the Yates decision. The validity of the indictment is basic to any criminal conviction. If the Supreme Court overlooked these fundamentals, and I do not

---

3. We are not, of course, concerned with elimination which changes the meaning of

what is left. Cf. Edgerton v. United States, 9 Cir., 143 F.2d 697.

**254**

suggest it did, it is for it to say so, not for me.[4]

Finally, defendants move that the indictment should be dismissed for failure to allege more specifically "facts sufficient to satisfy the clear and present danger standard." What I have just said about the Supreme Court's disposition of Yates is apposite here. See also United States v. Flynn, 2 Cir., 216 F.2d 354, 365; Bary v. United States, 10 Cir., 248 F.2d 201.

■ The defendants' next motion is to strike certain paragraphs from the indictment, and allegations of certain overt acts, on the ground that they related only to organization. I pass the point that this motion is inconsistent in that these are subsidiary allegations and the motion does not include the primary allegation especially directed to organization. Suffice it to say that the matters specified in this motion are not plainly on their face restricted to the organization charge. However, even if these paragraphs related solely to organization it is not clear that evidence as to organization, both narrowly, as defined by the court in Yates, or broadly, as contended by the government ante Yates, cannot be gone into at the trial. Such evidence may be relevant in the matter of clear and present danger, with resepect to the power of these defendants to accomplish their alleged criminal objectives. United States v. Silverman, 2 Cir., 248 F.2d 671. Accordingly, allegations as to organization, even if by strict rules of pleadings surplusage, as evidentiary, are not seriously harmful to the defendants. In the light of these considerations this motion, too, is denied.

In November, 1956 defendants moved to dismiss, or to stay proceedings. This motion is bottomed upon the Communist Control Act of 1954, 50 U.S.C.A. § 841 et seq. To some extent it may have become moot with the waiver of jury. In any event, it is denied.

■ The defendants' motion for particulars is also denied. I agree with the government that much of it asks for evidence. If it appears that defendants are surprised at the trial, and genuinely in need of further opportunity to prepare their defense, particularly now that there is to be no jury I shall be receptive to a request for necessary time.

As soon as convenient to counsel I shall hear the motion of certain defendants for the suppression of evidence, and at the same time conduct a pretrial. The presently pending evidentiary motions are reversed until after that hearing.

On Motion to Suppress Evidence.

■ With respect to the motion of Hood and Schirmer to suppress evidence the law in the various circuits seems to be uniform that the government is not precluded from using evidence wrongfully seized by state officials where the government has not participated, directly or indirectly, in the seizure. The defendants' motion does not go beyond this. If the Supreme Court is going to adopt a contrary rule, as defendants suggest it may, well and good, but in the absence of a clear indication that it will do so, I do not believe I should anticipate it. The motion is denied. This is not to say that I may not be receptive at the trial to an identification of any documents, etc. offered in evidence obtained by the government in the manner alleged by the defendants, so that the allegedly tainted evidence may be a matter of record. This is not, however, a definite ruling or commitment.

■ As to the motion of Lipshires, relating to an alleged illegal search by the government, I note at the outset that there is no real attempt made to identify or describe the relatively few, compared

4. Actually I do not see how Yates (or Dennis) added any new element to the offense, and as for the meaning of advocacy, it having been clear even before Yates that advocacy meant advocacy of action, not merely of ideas, I do not see why the grand jury was required to define the term or spell out the offense more than it did. I need not, however, labor this discussion.

with the Hood-Schirmer motion, matters allegedly copied, and contains no excuse for defendant's failure to do so. Defendant's motion is capable of acting as an umbrella under which, hereafter, anything can conveniently be placed. I do not regard it a sufficient compliance with Rule 41(a), 18 U.S.C.A., the purpose of which is to permit an enforceable, and hence specific, order before trial, so far as possible. The government raises other objections. I do not reach them. This motion, too, is denied.