**UNITED STATES of America**

v.

**David L. SHINDLER, Arnold M. Gotthilf, Bernard Berk and Martin Shindler, Defendants.**

United States District Court
S. D. New York.

May 25, 1959.

**394**

Arthur H. Christy, U. S. Atty., New York City (Leonard R. Glass, Asst. U. S. Atty., David P. Bicks, Asst. U. S. Atty., of counsel), for United States.

Lester Samuels, New York City, for defendant Martin Shindler.

Weisman, Celler, Allan, Spett & Sheinberg, New York City (Milton C. Weisman, New York City, Harry I. Rand, Washington, D. C., of counsel), for defendant David L. Shindler.

O. John Rogge, New York City, for defendant Arnold M. Gotthilf.

Sol Gelb, New York City, for defendant Bernard Berk.

THOMAS F. MURPHY, District Judge.

These four defendants were indicted in three counts for crimes involving the purchase and sale of securities in violation of the Securities Acts of 1933 and 1934, 15 U.S.C.A. §§ 77a et seq., 78a et seq. (Berk was not named in Count Two). These motions are joined in by all defendants and seek a dismissal of the first two counts.

Count One charges defendants with conspiracy to commit *offenses* against the United States, to wit, to violate § 17(a) of the Securities Act of 1933, and § 9(a) of the Securities Exchange Act of 1934, and the rules and regulations of the Securities and Exchange Commission promulgated thereunder. By bill of particulars it was stated that the "rules and regulations" referred to in the indictment concerned but one rule, viz., Rule X–10b–5 (17 C.F.R. § 240.10b–5).

The argument in support of the motions to dismiss this count is as follows: The count charges a conspiracy to commit a combination of three crimes but since one of the crimes is based on an invalid usurpation of legislative power by the Securities Exchange Commission the entire count is vitiated and should be dismissed. They refer to Rule X–10b–5 and argue that the Securities Exchange Commission is seeking to extend § 17(a) of the Securities Act of 1933 (15 U.S. C.A. § 77q(a) to embrace *purchases* of securities whereas § 17(a) is limited to *sales* thereof.

We construe the count to charge a conspiracy to commit three separate offenses and, even assuming the invalidity of Rule X–10b–5, we would not dismiss that count. Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L. Ed. 793; United States v. Russo, D.C. Mass.1957, 155 F.Supp. 251, 253; United States v. Albanese, D.C.S.D.N.Y., 1954, 123 F.Supp. 732, 736, affirmed, 2 Cir., 1955, 224 F.2d 879, 881, certiorari denied 350 U.S. 845, 76 S.Ct. 87, 100 L.Ed. 753. Nor would we be inclined at this juncture to preclude the introduction upon the trial of evidence relating to fraud connected with the purchase of stock by defendants, since such evidence may very well be legitimately and intimately related to the alleged fraudulent scheme relative to the sale of stock. Cf. United States v. Apex Distributing Company, D.C.R.I.1957, 148 F.Supp. 365, 370.

But defendants are in error as to the Rule's invalidity. It is promulgated, not under § 17(a) of the Securities Act of 1933, but under and by virtue of the express authority granted by § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78j(b), which reads in pertinent part,

"It shall be unlawful * * *

* * * * * *

"(b) To use or employ, in connection with the *purchase* or *sale* of any security * * *, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

The Rule clearly implements § 10(b) in accordance with the design of that section, and that is the primary issue. Since the Rule in no way impinges upon or is in conflict with § 17(a) it does not matter that it incidentally may have the effect of extending that section, so long

as it is a valid exercise of the quasi-legislative function of the Commission within the scope of the authority delegated to it by § 10(b). Fischman v. Raytheon Mfg. Co., 2 Cir., 1951, 188 F. 2d 783, 786; Joseph v. Farnsworth Radio & Television Corp., 2 Cir., 1952, 198 F. 2d 883.

██ Count Two charges defendants with violation of § 17(a) (2) of the Securities Act of 1933 (15 U.S.C.A. § 77q (a) (2) first, in the language of the Statute, [1] and then by particularizing the acts complained of.

Defendants argue that the alleged material fact which the indictment charges they unlawfully omitted to state cannot validly be held to be material, and that that portion of the indictment must be held to circumscribe that with which they are charged by the preceding language therein.

Rather than circumscribe what preceded it, the more logical construction would require a holding that the succeeding language of the count complements that which precedes it (the language of the statute). By going beyond the statutory language with greater specificity the defendants are more fully informed of the crime charged, enabling them thereby to prepare their defense to meet the prosecution's case, and at the same time protected against double jeopardy. The parts of the count must be read together. United States v. Palmiotti, 2 Cir., 1958, 254 F.2d 491, 495; McCoy v. United States, 9 Cir., 1948, 169 F.2d 776, 779–780; United States v. Crummer, 10 Cir., 1945, 151 F.2d 958, 962.

We feel that the short answer to defendants' argument is that they admit the truth of the allegations for the purpose of this motion to dismiss, including the allegation of materiality, and will not be heard to deny what they have already admitted. At any rate, "Materiality must be judged by the facts and circumstances in the particular case" Weinstock v. United States, 1956, 97 U.S.App.D.C. 365, 231 F.2d 699, 702 and should properly await the trial to be determined from all the evidence adduced thereat. It may resolve itself into a question of law or one of fact, or a mixed question of both. United States v. Stark, D.C.Md. 1955, 131 F.Supp. 190, 208. Certainly, consistent with the acceptance of the truth of the materiality allegation, there may be imputed to the act of omission, deliberate concealment in the face of a duty to disclose imposed by the statute involved, especially where as here, the statute seeks to regulate the business of trading in securities, in which "the frauds to be suppressed may take on more subtle and involved forms than those in which dishonesty manifests itself in cruder and less specialized activities." Hughes v. Securities and Exchange Commission, 1949, 85 U.S.App.D. C. 56, 174 F.2d 969, 975.

██ The ultimate material fact omitted was that defendants caused the price of stock to rise and prevented it from falling. The method by which defendants accomplished this fact is evidentiary and need not be pleaded, and, in the final analysis, will determine the question of materiality. Cf. Otis & Co. v. Securities

[1]. Count Two charged defendants "On or about the 23rd day of January, 1953, * * * in connection with the sale * * * of certain securities * * * by use of * * * interstate commerce * * * did unlawfully * * * obtain money * * * by means of an omission to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, that is to say, said defendants did then and there sell and agree to sell, 1,000 shares of the common stock of Jerry O'Mahony, Incorporated, a New Jersey corporation to Allen E. Beers Co. at Four dollars ($4) per share, having called attention to the price at which said stock was then selling on the American Stock Exchange, but having omitted to state the material fact that said price of said stock had been caused to rise and had been prevented from falling by the said defendants, * * *."

and Exchange Commission, 6 Cir., 1939, 106 F.2d 579.

The motions are denied.

This is an order. No settlement is necessary.