**UNITED STATES of America,**
Plaintiff,

v.

Alexander L. GUTERMA, Virgil D. Dardi,
Lowell M. Birrell, Robert C. Leonhardt,
Louis Levin, Pierre A. Duval, Harry W.
Bank, and United Dye & Chemical Cor-
poration, Defendants.

United States District Court
S. D. New York.

Feb. 2, 1960.

268

S. Hazard Gillespie, U. S. Atty., Southern Dist. of New York, by Jerome Londin and Leonard Glass, New York City, for plaintiff.

Moss, Wels & Marcus (by Richard H. Wels, New York City), for Guterma.

Lord, Day & Lord, New York City, for Leonhardt.

Corcoran, Kostelanetz, Gladstone & Dowell, New York City, for Dardi and United Dye and Chemical Corp.

John F. Dailey, Jr., New York City, for Duval.

EDELSTEIN, District Judge.

Under an indictment charging a conspiracy to violate and substantive violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., 15 U.S.C.A. § 77a et seq., 48 Stat. 74, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., 15 U.S.C.A. § 78 et seq., 48 Stat. 881, motions to dismiss have been made by four of the defendants: Alexander L. Guterma, Virgil D. Dardi, Robert G. Leonhardt and United Dye and Chemical Corporation. Only Dardi and the corporate defendant are named in all fifteen counts, but the discussion will be applicable to all the grounds advanced against all counts.

The entire indictment is attacked as vague and conclusory, with an extensive elaboration on the lack of factual allegations. It is true that the indictment could have been drawn with more factual specification, but " * * * [t]he true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. By this test, I conclude that the indictment withstands attack.

The first count is a conspiracy charge. The elements of the offense of conspiracy are the agreement, the offense-object toward which the agreement is directed, and an overt act. United States v. Offutt, 75 U.S.App.D.C. 344, 127 F.2d 336, 338. The indictment charges that the named defendants did, during a specified time, conspire with each other, with others named as co-conspirators but not as defendants, and with others unknown, to commit certain offenses against the United States. These offenses are defined generally as the violation of specified sections of the Securities Act of 1933 and of the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder, and further, the defrauding of the United States by impeding, impairing, obstructing and defeating the lawful governmental functions of the Securities and Exchange Commission. Succeeding paragraphs refine this generality with a clear indication of the nature and scope of the offenses, including names and dates, and substantially in statutory language. It is true that these offenses are insufficiently alleged to be properly pleaded as substantive offenses. But such pleading is not required. "It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy * * * or to state such object with the detail which would be required in an indictment for committing the substantive offense * * *. In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary. Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278 * * *." Wong Tai v. United States, 273 U.S. 77, 80, 47 S.Ct. 300, 301, 71 L.Ed. 545. The offense objects are, in count one, sufficiently identified in accordance with this standard. "The particularity of time, place, circumstances, causes, etc. * * "

is not essential to the sufficiency of the indictment. Glasser v. United States, 315 U.S. 60, 66, 62 S.Ct. 457, 463, 86 L.Ed. 680. To complain of the absence of allegations of specific fact from which it can be determined that a particular defendant entered into a conspiratorial agreement is to complain of the failure to plead evidence from which a jury may ultimately infer his guilt. It is the agreement and the offense-object which must be clearly described, not the detailed participation of each defendant. Inasmuch as it is unnecessary to a finding of guilt under a conspiracy charge that the offense-object be achieved, it is manifestly unnecessary to allege or prove the details of achievement. It is an identification of the offense, rather than its definition, which must be indicated "with certainty to a common intent". Where the indictment alleges, for example, that it was part of the conspiracy for named defendants to file an annual report, Form 10–K, of the corporate defendant for the calendar year 1954 from which they would omit information required to be set forth therein concerning the material interest of another (officer, director and stockholder) defendant in material transactions to which subsidiaries of the corporate defendant were parties, it has unmistakably identified the partial offense-object, without stating the information omitted (or to be omitted), the material interest of the person named or the identity of the transactions. Details of the specificity urged by the defendants to be necessary can by no effort be stretched to essentials. They are a far cry from the allegations omitted in Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419, where there was no direct allegation that it was the purpose of the conspiracy to interfere with federal court proceedings, there being no allegation that the defendants knew about the injunction; or in Hamner v. United States, 5 Cir., 134 F.2d 592, where there was merely a charge of conspiracy to commit offenses and frauds, followed only by "confused allegations" of what the defendants did; or in Asgill v. United

States, 4 Cir., 60 F.2d 780, where the charge merely recited the purpose of the performance of certain unlawful acts. Overt acts having been pleaded, the elements of the conspiracy have been set forth in the indictment with sufficient particularity for the defendants to understand what they are charged with having conspired to do, in "a plain, concise and definite written statement of the essential facts constituting the offense charged * * *", Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A.

■■ Count two charges the willful failure to set forth certain information in an annual report of the corporate defendant required to be filed with the New York Stock Exchange, in violation of sections 78m and 78ff(a) of Title 15 United States Code, 15 U.S.C.A. §§ 78a, 78ff(a). Section 78m commands every issuer of a security registered on a national securities exchange to file with the exchange, in accordance with such rules and regulations as the Commission may prescribe, generally described information and documents, including annual reports, as prescribed by the Commission. Section 78ff (a) provides that any person who willfully violates any provision of the chapter, or any rule or regulation thereunder, the observance of which is required under the terms of the chapter, shall upon conviction be subject to the specified penalties. Thus, the crime consists of the willful failure to set forth identified information required by the Commission in a specified document prescribed by the Commission. Count two adequately incorporates the elements of the crime. It charges three of the defendants by name with willfully and knowingly failing to set forth in an annual report, Form 10–K, prescribed by the Securities and Exchange Commission, the required information about the approximate amount of and material interest, direct or indirect, of Lowell M. Birrell, a director and officer of the corporate defendant, in material transactions during a specified period of time and with specified persons. The defendants are fully and fairly informed of the charges they are required to answer, without any further statement of facts showing how the alleged omission was material, what the particular transactions were, or the amount of and material interest of the defendant-director.

■■ The remaining counts have been drawn substantially in the language of the statute and regulations which the defendants are charged with violating, with particularization of generic language. When statutory language alone embodies all the elements of the crime, clearly informing defendants what the charges are so that they are able to prepare their defenses and plead the judgments in bar of any further prosecutions for the same offense, it is sufficient. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 94. United States v. Achtner, 2 Cir., 144 F.2d 49; United States v. Palmiotti, 2 Cir., 254 F.2d 491; United States v. Varlack, 2 Cir., 225 F.2d 665. The situation is otherwise, of course, where the statute itself omits an essential element of the offense or includes it only by implication. See Robertson v. United States, 5 Cir., 168 F.2d 294, 295. In United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135, for example, an indictment alleging in the words of the statute that the defendant, feloniously and with intent to defraud, did pass, utter and publish a falsely made, forged, counterfeited and altered obligation of the United States, but not further alleging that the defendant knew it to be false, forged and counterfeited, was insufficient. The knowledge of the defendant was an element of the crime. It was, however, not specifically recited in the statute, but inferred by the court as the intent of the legislature. The indictment, therefore, set forth in the statutory language, was insufficient because it omitted an element of the crime. An indictment that does not allege all the elements of the crime is not cured by an allegation that what was done was "in violation of" the statute. Alabama Packing Co. v. United States, 5 Cir., 167 F.2d 179. And if the statute includes generic terms, describing only the general nature of the offense, statutory language is insufficient.

For example, in United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 573, 31 L.Ed. 516, the statute (R.S. § 5480, 18 U.S.C.A. § 1341) was directed against "devising, or intending to devise, any scheme or artifice to defraud", to be effected by communication through the post office. The particulars of the scheme are matters of substance, and an indictment drawn in the statutory language, without alleging any particulars of the scheme, omitted a necessary element of the crime. By these principles, I have concluded, the remaining counts of the indictment are sufficient. Basic facts are alleged in statutory language that contains no fatal omissions, and insofar as generic statutory language is employed there is ample particularization, so that the essential elements of the crimes are alleged in a manner that fairly apprises the defendants of the nature of the charges and enables them to protect themselves from subsequent prosecution for the same offenses.

 Counts three, five and fifteen charge the unlawful hindering, delaying and obstructing of the making and filing of current reports of the defendant corporation with the New York Stock Exchange, in violation of sections 78m, 78t (c) and 78ff(a) of Title 15. Section 78m, as indicated, requires the filing of reports prescribed by the Securities and Exchange Commission and the failure to file is made a crime by the overall penal section, 78ff(a). Section 78t(c), making it unlawful to hinder, delay or obstruct the making or filing of documents required to be filed, supplies the charging language of the indictment, and the generic terminology is adequately particularized by the designation in each count of a specific document, the substance of the information required to be filed therein, and the specific months involved, as well as a recital of the administrative regulation requiring filing. It is urged, however, that an element of the crime has not been charged because the regulation which is charged to have been violated defines the necessity of filing in exceptive terminology: " * * * except as pro-vided in paragraph (b) * * *" and "* * * unless the same information * * * has been previously reported * * *". And it is argued that when the very clause imposing a duty or forbidding an act exempts certain persons, acts or circumstances, it is necessary to state in an indictment for its violation that the defendant does not come within the restriction and to negative the exception. But I conceive the true rule to be, under the authority of McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301, "that if it is impossible to frame the statutory charge without negativing the exception, then it should be negatived; but where, as here, the statute states a clear, definite, and general offense, and then excepts certain classes or acts from its scope, the exception need not be negatived. Nor is it a matter of importance whether the excepting clause is in parentheses, or set off by commas, at the beginning of the sentence, or follows a proviso at the end." Nicoli v. Briggs, 10 Cir., 83 F.2d 375, 379. The exceptions here are not so substantively imbedded in the definition of the offense that it is impossible to frame the statutory charge without negativing the exceptions. A clear, definite and general offense is stated. Moreover, by alleging that the defendants unlawfully did hinder, etc. the filing of the reports required to be filed pursuant to the regulation, the possibility that the reports were not required to be filed was excluded. United States v. Winnicki, 7 Cir., 151 F.2d 56, 58; contra, Sutton v. United States, 5 Cir., 157 F.2d 661; but note dissenting opinion at page 666. The indictment, in these counts, has not omitted an element of the crime, and it is incumbent upon the defendants who rely upon an exception to set it up and establish it. McKelvey v. United States, supra.

 Count four charges a violation of section 78n (and of section 78ff(a) by which it is made a crime) in the use of the mails and the facilities of the New York Stock Exchange for a proxy solicitation by means of a proxy statement containing statements which were false

with respect to material facts and omitting to state material facts. The charge sets forth the basic facts substantially in the language of the statute and a cited regulation, in addition to being adequately particularized by date, stock, the quotation of the allegedly false statements with a specification of how they were false and misleading, and with a specification of the material facts omitted. The elements of the crime are obviously pleaded, but objection is made that the alleged misstatements and omissions had no materiality, or that such materiality does not appear on the face of the indictment. As Judge Murphy said in United States v. Shindler, D.C., 173 F.Supp. 393, for the purpose of a motion to dismiss, the defendants admit the truth of the allegations of the indictment, including the allegation of materiality, and, in any event, materiality must be judged by the facts and circumstances in the particular case and should properly await the trial to be determined from all the evidence.

 Counts six through fourteen charge fraud in the offer and sale of the common stock of the defendant corporation by the use of the mails, in violation of section 77q(a), which is made a crime by section 77x. The counts are identical except for the specific mailings alleged. Again the charges are made in the language of the statute and further particularized by date, stock and a long list of persons said to have been defrauded, and followed by eighteen paragraphs of facts detailing the manner and means by which the defendants carried out the scheme to defraud the investing public. The contention that the indictment must expressly allege an offer or sale of securities by mail or other means of communications is not well made. United States v. Monjar, D.C., 47 F.Supp. 421, affirmed 3 Cir., 147 F.2d 916, certiorari denied 325 U.S. 859, 65 S.Ct. 1191, 89 L.Ed. 1979. The objection to these counts is further made that they do not specifically detail such facts as the substance of false statements and how they are false, and the omissions to state material facts. But the gist of the crime is the use of the

mails in executing the scheme. Frank v. United States, 10 Cir., 220 F.2d 559; Harper v. United States, 8 Cir., 143 F.2d 795. At pages 801–802 of the latter case, it is said:

"The devising of a scheme or artifice to defraud or to obtain money by means of fraud or false pretenses is not a crime either under the Securities Act or the Mail Fraud Act. It becomes a crime only in the event that in furtherance of the scheme or artifice to sell securities any means or instruments of transportation or communication in interstate commerce or the mails be employed. Under the Mail Fraud Act it becomes a crime only in the event the United States Mails are used in carrying out the scheme. The use of the United States mails or means or instruments or transportation or communication in interstate commerce in execution of the alleged scheme to defraud is the gist of the offense which these statutes denounce and not the scheme to defraud. * * * The scheme and artifice to defraud is not required to be set forth with that particularity which would be required if the scheme were the gist of the offense. * * * * "

The particulars of the scheme are matters of substance and must be described with a degree of certainty sufficient to show its existence or character, and fairly to acquaint the defendant with the particular fraudulent scheme charged against him; but the scheme itself need not be pleaded with all the certainty in respect of time, place and circumstance requisite in charging the mailing of the letter. Cf. United States v. Crummer, 10 Cir., 151 F.2d 958, certiorari denied 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012. Consequently, cases cited where the gist of the offense is the fraud or false statement are inapposite. Counts six through fourteen adequately charge the substance of the scheme with sufficient detail to show its existence and character and to

acquaint the defendants with the nature of the offense.

 It is further contended that counts six through fourteen, charging fraud in the offer and sale of stock by the use of the mails, and counts two, three, five and fifteen, charging violations in connection with the filing of reports and information, are duplicitous, each series alleging a course of conduct constituting a single violation, under the authority of United States v. Universal C. I. T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260. But in counts six through fourteen, charging violations under section 77q of Title 15, the gist of the crime is the use of the mails; the scheme, falsehood and deceitful transactions charged become a crime only when the mails are used in execution. Harper v. United States, supra; Frank v. United States, supra. Each mailing, therefore, constitutes a separate offense. Cf. Schumpert v. United States, 6 Cir., 245 F.2d 233; Nelson v. United States, 9 Cir., 178 F.2d 458; Holmes v. United States, 8 Cir., 134 F.2d 125, certiorari denied, 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722; United States ex rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159. And although counts two, three, five and fifteen all allege violations of the so-called "housekeeping" provisions of the Securities Exchange Act, they nevertheless do not involve identical kinds of violations, so that it does not follow that the penal section 78ff(a) which makes these violations crimes prescribes only one offense. See United States v. Universal C. I. T. Credit Corp., supra, 344 U.S. note 4 at page 221, 73 S.Ct. 227. Count two defines a violation under section 78m, while counts three, five and fifteen define different violations with distinct requirements under section 78t (c) as well as section 78m. Moreover, count three defines a violation with a requirement distinct from that involved in counts five and fifteen, in that separately prescribed classifications of information are involved. Thus, accepting the course of conduct contention, it is arguable, duplicity attaches only to counts five and fifteen. But, despite the fact that there is a good deal of technical analogy to the C. I. T. case and to United States v. Personal Finance Company, D.C., 174 F. Supp. 871, cited by defendants, I am not persuaded that this is the kind of situation in which the course of conduct theory of violations is applicable. In the C. I. T. case, to have held the offenses alleged to be distinct and separate crimes would have subjected the defendant to a possible fine of $320,000 instead of $30,-000, and in the Personal Finance case, the defendant would have been subjected to a possible fine of $1,000,000 instead of $15,000. In both of these cases, a consistent pattern of doing business involved an indefinite potential of violations with a resulting possibility of astronomical fines, and it was felt that Congress could not have intended such results without clearly indicating them. Compare Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, and Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199. The kind of acts here involved are not the subject of such a consistent course of business dealing—the paying of employees or the making of loans—as to incur the danger as a matter of course. Accordingly, the situation does not pose the same problem or suggest the same answer.

 Defendants argue, finally, that sections 78m, 78n, 78t(c) and 78ff (a) of Title 15, are unconstitutional. Sections 78m (in which section 78t(c) is involved by its reference to the documents and information required to be filed by the Commission, under section 78m) and 78n, it is urged, contain impermissibly broad delegations of power to the Commission in violation of the Fifth and Sixth Amendments. The argument is thoroughly shopworn. The standards laid down for the Commission, in section 78m, "for the proper protection of investors and to insure fair dealing in the security", and in section 78n, "in the public interest or for the protection of investors", are adequate by long settled doctrine. American Power & Light Co. v. S. E. C., 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed. 103; Yakus v. United States,

321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. The constitutionality of section 78n has been specifically upheld by the Court of Appeals for the Second Circuit, S. E. C. v. May, 2 Cir., 229 F.2d 123, 55 A.L.R.2d 1123; cf., Charles Hughes & Co. v. S. E. C., 2 Cir., 139 F.2d 434, certiorari denied 321 U.S. 786, 64 S.Ct. 781, 88 L.Ed. 1077. It is true, of course, that a law may be valid in its delegation of administrative power but invalid as a criminal statute, because the statute does not clearly enough define the nature and quality of the offense. Champlin Ref. Co. v. Commission, 286 U.S. 210, 52 S.Ct. 559, 76 L.Ed. 1062. But here the criminal violations are defined by the legislative language taken together with the applicable regulations, and these definitions meet the standards of definiteness required of criminal enactments.

The necessity of filing the information in the annual report Form 10–K (involved in counts one and two) derives from section 78m, which requires the filing of such information and reports and the Commission may require in accordance with its rules and regulations as "necessary or appropriate for the proper protection of investors and to insure fair dealing in the security * *." Rule X–13A–1 (of Regulation X–13A) requires the filing of an annual report. Rule X–12B–1 (of Regulation X–12B) makes all reports required pursuant to section 13 of the Act (15 U.S.C. § 78m, 15 U.S.C.A. § 78m) subject to the rules contained in Regulation X–12B. Rule X–12B–10 of that Regulation requires every report to be on the form prescribed by the Commission as in effect on the date of filing. And the form contains instructions clearly defining the information required. The necessity of filing the information in the current report Forms 8–K (involved in counts one, three, five and fifteen) derives similarly from section 78m. Rule X–13A–11 requires, with exceptions (defined with adequate certainty pursuant to an adequate delegation of authority), those subject to Rule X–13A–1 to file a current report on Form 8–K, in specified circumstances and within a specified time. And Form 8–K contains clear instructions for the information required. The instructions specifically refer to definitions contained in Rule 12B–2, and those definitions adequately explain the terminology of the instructions. It is simply impossible to understand a complaint of the vagueness or indefiniteness of section 78n taken together with Rule X–14A–9 in connection with proxies (involved in counts one and four). The violation described is as clear as a bell.

 Defendants have gone to some length to demonstrate that they have, under these provisions, been cast into a hopelessly tangled rat maze. The effort is labored. The statutory and regulatory scheme is certainly more involved than the injunction, "Thou shalt not steal." But the conditions of society giving rise to the necessity for regulation are more involved than in the days of the patriarchs. It is entirely reasonable and proper to employ a relatively sophisticated scheme for the regulation of relatively sophisticated transactions. Clarity is relative to context and in the context of a complex field of human activity clarity is not precluded by a commensurate complexity of regulation. Indeed, it would appear that, in the circumstances, complexity is at a minimum, and those engaging in the regulated dealings are quite fully advised of what is required of them. The paths from statute to regulation, and, where necessary, to instruction sheet, are neither devious nor obstructed even though they are not without turns. The signposts are not hidden and their legends are not obscure. A reasonable degree of certainty is provided. As said in Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367:

> "A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. [Citing Lanzetta v. New Jersey, 306 U.S. 451 [59 S.Ct.

618, 83 L.Ed. 888].] But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line. [Citing Nash v. United States, 229 U.S. 373, 377 [33 S.Ct. 780, 57 L.Ed. 1232]. Hygrade Provision Co. v. Sherman, 286 U.S. 497, 502–503 [45 S.Ct. 141, 69 L.Ed. 402]; United States v. Petrillo, 332 U.S. 1, 7–8 [67 S.Ct. 1538, 91 L.Ed. 1877].]"

The statute and regulations, in their language, convey "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *", United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542. They quite clearly establish an ascertainable standard of guilt.

The penal section 78ff(a) (involved in counts one, two, three, four, five and fifteen), is said to be defective because the first clause makes only a "willful" violation of any provision of the chapter, or rule or regulation thereunder, a crime, but the last clause states: " * * but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation." A strained reading serves to raise a host of difficulties, including the shifting of the burden of proof to the defendant. But it is difficult to strain the obvious. The clause obviously means that "[i]f a defendant is convicted of willfully violating a rule or regulation, he may be punished by the imposition of a *fine* even if he proves that he had no knowledge of such rule or regulation. The statutory proviso applies only to

punishment by imprisonment. Whether a fine will be imposed at all depends upon the discretion of the judge passing upon the sentence." Herlands, Criminal Aspects of the Securities Exchange Act of 1934, 21 Virginia L.Rev. 139, 190–191. The writer, now a judge of this court, points out that the provision is a compromise between proposed provisions offered in the bills before Congress, impliedly recognizing that a great mass of rules and regulations would be issued by the Commission, rendering ludicrous a strict adherence to the fiction of presumed knowledge of the law. The section presents no constitutional problems.

The motions to dismiss are denied.