**UNITED STATES v. PEELLE et al.**

**UNITED STATES v. PEELLE.**

**Cr. Nos. 43425, 43428.**

United States District Court, E. D. New York.

July 12, 1954.

J. Arthur Leve, New York City, John E. McClure, Washington, D. C., for defendant.

Leonard P. Moore, U. S. Attorney, Brooklyn, N. Y., Richard C. Packard, Asst. U. S. Atty., New York City, in opposition.

RAYFIEL, Judge.

The defendant John W. Peelle moves under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for a bill of particulars of the two indictments filed against him.

The indictment in Cr. No. 43425, returned against him and his brother, Hen-

ry E. Peelle contains three Counts. Count one alleges that Henry E. Peelle and John W. Peelle, respectively president and secretary of the Peelle Company, a New York Corporation, whose principal office and place of business is in Brooklyn, New York, did wilfully and knowingly attempt to evade a large part of the income taxes due and owing by the corporation for the calendar year 1947 by filing or causing to be filed with the Collector of Internal Revenue for the First Internal Revenue Collection District of New York, at Brooklyn, New York, a false and fraudulent income tax return, wherein they alleged that the corporation's net income for the year was $9,755.55, and not subject to tax, whereas the net income of the said corporation for the said year was $58,890.02, upon which there was due a tax of $22,378.20. Counts two and three refer to the income taxes for the years 1949 and 1950, and are similar in import to Count one, except as to the amounts involved.

The indictment in Cr. No. 43428 was returned against John W. Peelle, alone. That indictment also contains three counts. Count one alleges that the defendant wilfully and knowingly attempted to evade a large part of the income tax due and owing by him by filing or causing to be filed with the Collector of Internal Revenue for the First Internal Revenue Collection District of New York, at Brooklyn, New York, a false and fraudulent income tax return for the calendar year 1947, wherein he stated that his net income for that calendar year was $10,819.90, and that the tax due thereon was $2,449.93, whereas his net income was $29,142.60, upon which he owed an income tax of $11,464.99. Counts two and three refer to the income taxes for the years 1948 and 1949, and allege that for those years the defendant filed income tax returns jointly with his wife, which said returns were false and fraudulent.

As to the indictment in No. 43425 the Government has consented to give the defendant John W. Peelle photostatic copies of those returns filed by The Peelle Company which are requested in items 1, 4 and 7 of his notice of motion. The Government contends that the defendant is not entitled to the remainder of the items therein requested.

It is well settled that the granting of a bill of particulars lies within the discretion of the court. The defendant contends that neither of the indictments informs him of the nature of the charges with sufficient particularity to permit him to prepare his defense. I am inclined to agree with him. The indictments, while they meet the requirements of Rule 7(c), Federal Rules of Criminal Procedure, inform him only as to the general nature of the charges against him. It is my opinion that Rule 7(f), supra, was meant to remedy just such a situation. That was clearly indicated by the court in Singer v. U. S., 3 Cir., 58 F. 2d 74, at page 76, when it said: "When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at the trial, he is entitled to a bill of particulars, if seasonal application is made therefor. The defendant may demand this as a matter of right, even though the indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced bad on motion to quash or demurrer, where the charge is couched in such language that the defendant is liable to be surprised and unprepared. Tilton v. Beecher, 59 N.Y. 176, 184, 17 Am.Rep. 337; Watkins v. Cope, 84 N.J.L. 143, 147, 86 A. 545; State v. Bove, 98 N.J.L. 350, 353, 116 A. 766; United States v. Eastman, D.C., 252 F. 232; Wilson v. United States, 2 Cir., 275 F. 307, 310; Bodine v. First National Bank of Merchantville, D.C., 281 F. 571; Filiatreau v. United States, 6 Cir., 14 F.2d 659; Lett v. United States, 8 Cir., 15 F.2d 686; O'Neill v. United States, 8 Cir., 19 F.2d 322, 324." See also U. S. v. Gorman, D.C., 62 F.Supp. 347; U. S. v. Kelly, D.C., 10 F.R.D. 191.

The United States Attorney is accordingly directed to furnish the defendant

with a statement setting forth in categories or classifications such as, but not necessarily limited to, dividends, interest from various sources, rents, royalties and annuities, the amounts of income which the defendant John W. Peelle and the said corporate defendant failed to report and pay income taxes on for the years covered by the said indictments.

Except as consented to and as hereby granted the defendant's motions are in all respects denied.

Settle order on notice.