**UNITED STATES of America,**
v.
**David BORLAND et al.**
**Crim. A. No. 1936.**

United States District Court,
D. Delaware.

April 14, 1970.

As Amended April 15, 1970.

F. L. Peter Stone, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Bruce M. Stargatt and Jack B. Jacobs of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendants Arthur Wilson and St. Clair O. Parsons.

**623**

## OPINION

LATCHUM, District Judge.

On December 18, 1968, Arthur Wilson, St. Clair O. Parsons and other defendants were indicted for conspiracy to violate 29 U.S.C. § 186(b) (1), 18 U.S.C. § 1001 and 18 U.S.C. § 2314, and for certain other substantive offenses. Defendant Wilson is the president and defendant Parsons the business delegate of Local Union 1694, International Longshoremen's Association. On February 7, 1969, Wilson and Parsons moved this Court to dismiss the conspiracy charges against them. In an opinion of February 9, 1970,[1] this Court found two of the stated objects of the conspiracy insufficient, and ordered the deletion of these two objects from the indictment.

After this Court's opinion of February 9, 1970, Wilson and Parsons moved to dismiss Counts 8 and 10 of the indictment which charged them with substantive violations of 29 U.S.C. § 186(b) (1) for accepting loans from Wilmington Stevedores, Inc. while officers of a union whose members were employed by Wilmington Stevedores, Inc. The defendants contend that Counts 8 and 10, because they do not charge that the loans involved the "extortion or acceptance of any payment intended to affect the collective bargaining relationship between the Union and Wilmington Stevedores, Inc." citing United States v. Borland, 309 F.Supp. 280 (D.Del.1970), should be dismissed. This contention fails to recognize important factual differences between the allegations of the conspiracy counts and the allegations of the substantive offenses in Counts 8 and 10, and also misconceives the import of the above quoted portion of the Court's earlier opinion.

Count I of the indictment[2] essentially charged a conspiracy to falsify the

1. United States v. Borland, 309 F.Supp. 280 (D.Del.1970).

2. Defendant Wilson was indicted for conspiracy under Count I of the indictment. Defendant Parsons was indicted for conspiracy under Count II of the indictment. Except for the reference to different individuals, Counts I and II are substantially identical. For convenience, only Count I will be referred to.

payroll records of Wilmington Stevedores, Inc., to obtain these checks and forge the signatures of the named payees, and to convert the proceeds of the forged checks to the benefit of the conspirators. Count I charged that an object of this alleged conspiracy was to cause the defendant Wilson "to receive and accept sums of money from Wilmington Stevedores, Inc." in violation of 29 U.S.C. § 186(b) (1). After reviewing the legislative history of 29 U.S.C. § 186(b) (1) [3] and the decisions interpreting this provision, this Court concluded that § 186(b) (1) was intended to deal with problems "peculiar to collective bargaining" and was not intended to duplicate state criminal law dealing with fraud or embezzlement. In order to emphasize that the allegations describing the first object of the conspiracy were not within the intended scope of § 186(b) (1), the Court noted that Count I did not charge the "extortion or acceptance of any payment intended to affect the collective bargaining relationship between the Union and Wilmington Stevedores, Inc."

■ In contrast to the allegations of the conspiracy count concerning the falsification of payroll records and the forging of payroll checks, Counts 8 and 10 of the indictment describe, with sufficient particularity, conduct which is *clearly within the intended scope of 29 U.S.C. § 186(b) (1).* Counts 8 and 10 charge that the defendants, while officers of Local 1694, accepted loans from Wilmington Stevedores, Inc., the employer of members of Local 1694. Section 186(b) (1) clearly prohibits the receipt of a loan from an employer of union members by an officer of that union. Since the allegations of Counts 8 and 10 clearly state an offense defined by § 186(b) (1), the counts are not dismissible.

■■ Defendants urge that Counts 8 and 10 do not allege that the payments to defendants involved "extortion or acceptance of any payment intended to affect the collective bargaining relationship between the union and the employer." Failure to include these very words does not render these Counts dismissible. The Court's earlier opinion on which the defendants rely was not concerned with technicalities of pleading, but with the nature of the offenses covered by § 186(b) (1). It is not necessary for an indictment under this section to allege that the receipt of the loan was *intended* to affect the collective bargaining relationship between the union and the employer. The acceptance of a loan by a union officer from an employer of union members is clearly prohibited by 29 U.S.C. § 186(b) (1). Whether such a loan might come within the exempt transactions set forth in § 186(c) is highly questionable. Assuming, without deciding, that the statutory exceptions might apply to such a loan, it is clear that the indictment need not negative the statutory exceptions of § 186(c) where the exceptions are distinct from and in no sense form an integral part of the offenses enumerated in § 186(a) and (b). § 186(c) does not change the obligations imposed by § 186(b) but merely exempts a limited class of transactions which falls within its terms. Whether or not loan transactions come within the specific exemptions must await trial. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301 (1922); United States v. Pope, 189 F.Supp. 12, 18 (S.D.N.Y.1960).

For the foregoing reasons an order will be entered denying defendants' motion to dismiss Counts 8 and 10 of the indictment.

And it is further ordered that defendants' motion for reargument is denied.

---

3. § 302(b) of the Labor Management Relations Act of 1947.